RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/15/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **VINCENT PRINCE** | DOCKET NO. 11-CV-569; SEC. P |
| **VERUS** | JUDGE DRELL |
| **LYNN COOPER** | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Vincent Prince, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 8, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Corrections Center (ACC), Cottonport, Louisiana and he complains that he was subjected to disciplinary sanctions based on erroneous information. He sued Warden Lynn Cooper and prayed for monetary damages for defamation of character, cruel and unusual punishment, pain and suffering, mental anguish and embarrassment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff alleges that on June 23, 2010, he was written up on a Rule 30-T violation for general prohibited behavior. More specifically, he states that he was charged with trying to manipulate the visiting rules by having his mother visit using an honor status card that was not approved. He was apparently found

guilty of the charge and was sentenced to two days of room confinement.

In an administrative remedy procedure (ARP) request dated August 9, 2010, Plaintiff stated that the staff refused to let his mother visit him because they claimed that he was not on honor status. Plaintiff contends that he was, in fact, on honor status as he had been approved for same on January 19, 2010. Plaintiff also complained that he did not receive credit for the two days room confinement imposed as a result of the rule violation.

The First Step Response (dated September 29, 2010) to the ARP stated that an investigation was done wherein the honor status database was checked. It was noted that Plaintiff's name was not on the list, despite that he still had the honor status card in his possession when the incident in question occurred. The response stated that Plaintiff received a rule violation report shortly before the incident, which explained why his honor status had been revoked. It was unknown why the honor status card had not been taken away from Plaintiff. Plaintiff concedes that he went no further in the grievance process.

### Law and Analysis

To whatever extent that Plaintiff claims that his due process rights were violated based on false disciplinary charges, he fails to state a claim of violation of his constitutional rights. More specifically, in Sandin v. Connor, 515 U.S. 472 (1995), the U.S.

Supreme Court clarified instances where due process protections attach to the prison disciplinary process. The Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of a typical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. Sandin, 515 U.S. at 486. The Court noted that the protections of Fourteenth Amendment due process defined in Wolff v. McDonnell, 418 U.S. 539 (1974), i.e. notice, hearing, impartial hearing officer, etc., do not apply to disciplinary sentences that do not present "a dramatic departure from the conditions of the [prisoner's] sentence."  In sum, the Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Under the guidance provided by Sandin, the Fifth Circuit has held that as a general rule, only sanctions that result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty

3

interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997)(citing Sandin, 515 U.S. at 478). In coming to this conclusion, the court noted that the Supreme Court articulated the principle "that the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." Madison, 104 F.3d 767 (citing Sandin, 515 U.S. at 478)(citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). Accordingly, the Fifth Circuit held that 30 day commissary and cell restrictions imposed as punishment are in fact merely changes in the conditions of confinement which do not implicate due process concerns. Madison, 104 F. 3d at 768. "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. at 478.

In the instant case, Plaintiff's submissions establish that the only action taken against him based upon the incident report was two days of cell confinement. Plaintiff did not lose good time credit. This action certainly does not constitute such an "atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life" that particular forms of process of the type described in <u>Wolff</u> were required. <u>Sandin</u>, 515 U.S. at 484. Based on the above, Plaintiff's claims in this regard are frivolous and should be dismissed.

Moreover, to the extent that he names Warden Cooper as the defendant in a supervisory capacity, such claim is not cognizable as it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See <u>Mouille v. City of Live Oak</u>, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); <u>Jennings v. Joshua Independent School District</u>, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935 (1990). To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. <u>Cronn v. Buffington</u>, 150 F.3d 538, 544 (5th Cir. 1998). Here, Plaintiff fails to set forth a constitutional claim against the warden. There are no allegations that Warden Cooper was personally implicated in any alleged constitutional deprivation or that the Warden implemented any policy that acts as a constitutional deprivation. Plaintiff's claims against Warden Cooper fail to state a claim upon which relief may be granted.

### *Conclusion*

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights

complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 15th day of July, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE